[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff brings this action in a three count complaint for reimbursement of labor and materials for roofing CT Page 3935 work performed by the plaintiff pursuant to an agreement between the parties. The second count sounds in quantum meruit, and the third in unjust enrichment.
The defendants have moved to strike these counts on the ground that the contract violates the provisions of the Connecticut Home Improvement Act, General Statutes 20-418 et seq.
The defendants allege that the property, being a 4 unit apartment house, falls within the provisions of the Act (Gen. Stats. 20-419 (8)).
The plaintiffs, on the other hand, claim an exemption from the act pursuant to 20-4194(C) as goods and services for commercial use. See A. W. Campbell Company v. Gryckiewz,3 Conn. 2 RTR No. 6 183 (Aronson, J.), and Ken-Well Services Corporation v. Murnane, 16 C.L.T. Z, p. 19 (Langenbach, J.).
The problem this court faces in this case, however, is that none of these facts as alleged are apparent on the face of the pleadings. The motion to strike is, in essence, what was formerly referred to as a "speaking demurrer."
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Practice Book 152; Mingachos vs. CBS, Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93 (1985). The court must construe the facts most favorably to the plaintiff, Amodio v. Cunningham, 182 Conn. 80, 82-83C (1980), Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988).
Inasmuch as none of the facts as alleged in the motion to strike are apparent on the face of the pleadings, the motion is denied.
FREED, JUDGE